**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000453**
**28-FEB-2017**
**08:01 AM**

NO. CAAP-16-0000453

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KURT P. MACCARLEY, Plaintiff-Appellant,
v.
COUNTRYWIDE FINANCIAL CORPORATION, INC.;
COUNTRYWIDE HOME LOANS, INC.; BANK OF AMERICA CORPORATION, INC.;
LANDSAFE, INC.; LANDSAFE APPRAISAL SERVICES, INC., and
JOSEPH MICHAEL MAGALDI, III, Defendants-Appellees,
and
DOES 1 through 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 10-1-0339)

ORDER
DENYING FEBRUARY 24, 2017 HRAP RULE 40 MOTION
FOR RECONSIDERATION OF FEBRUARY 14, 2017 ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) the February 14, 2017 order dismissing appeal for lack of appellate jurisdiction, (2) Plaintiff-Appellant Kurt P. MacCarley's (Appellant MacCarley) February 24, 2017 motion for reconsideration of the February 14, 2017 dismissal order pursuant to Rule 40 of the Hawai'i Rules of Appellate Procedure (HRAP), and (3) the record, we did not overlook or misapprehend any points of law or fact when we entered the February 14, 2017 dismissal order.

We note that, although Appellant MacCarley appears to have subsequently filed a February 23, 2017 notice of voluntary

dismissal of all his claims as to Defendant-Appellee Joseph Michael Magaldi, III (Appellee Magaldi) pursuant to Rule 41(a)(1)(A) of the Hawai'i Rules of Civil Procedure (HRCP), Appellant MacCarley's February 23, 2017 notice of voluntary dismissal does not apply retroactively to cure the jurisdictional failure of the July 13, 2015 judgment to resolve Appellant MacCarley's claims against Appellee Magaldi. Furthermore, Appellant MacCarley's February 23, 2017 HRCP Rule 41(a)(1)(A) notice of voluntary dismissal does not cure the failure of the July 13, 2015 judgment to specifically identify the claim or claims on which the circuit court intends to enter judgment, given that this case involves multiple claims such as Appellant MacCarley's three-count second amended complaint. As the Supreme Court of Hawai'i has explained,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphases added).

> For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." . . . . If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4.

The main purpose for requiring a single judgment that, on its face, resolves all claims against all parties is to relieve appellate courts of an otherwise necessary search of the

voluminous record on appeal for all possible dispositive orders to confirm finality under HRCP Rule 58.

> If we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis).

Therefore, IT IS HEREBY ORDERED AND DECREED that Appellant MacCarley's February 24, 2017 HRAP Rule 40 motion for reconsideration of the February 14, 2017 dismissal order is denied.

DATED: Honolulu, Hawai'i, February 28, 2017.

Presiding Judge

Associated Judge

Associate Judge

-3-